UNITED STATES SMALL BUSINESS ADMINISTRATION
OFFICE OF HEARINGS AND APPEALS

PAYCHECK PROTECTION PROGRAM
APPEAL OF:

Rabble Holdings, Inc.

    Appellant

Appealed from
SBA PPP Loan No 2081777100

Issued: August 11, 2022

Decision No. 2081777100

## DECISION

*For Appellant*
Marty Griffin, Jr., 651 Holiday Dr, Foster Plaza 5, Suite 300, Pittsburgh, PA 15220

*For the Small Business Administration*
Robert Williamson, Esq., Office of General Counsel, U.S. Small Business Administration, Washington, D.C.

On January 21, 2022, The U.S. Small Business Administration (SBA) Office of Capital Access issued a Paycheck Protection Program (PPP) Final SBA Loan Review Decision finding Rabble Holdings, Inc. (Appellant) is entitled to partial forgiveness of its PPP Loan in the amount of $125,483.00 (AR 20-21[1]). The SBA based its decision on Appellant's miscalculation of eligible payroll costs as Appellant included independent contractors as payroll costs to calculate its PPP loan amount. Appellant filed this Appeal from that Final SBA Loan Review Decision, requesting that the full loan amount of $204,800.00 be forgiven in its entirety.

Appellant argues that the Final SBA Loan Review Decision was based on a clear error of fact or law, and that the loan should be fully forgiven because at the time Appellant applied for the loan, it alleged that payments to independent contractors could be used for payroll costs under SBA guidance.[2] Appellant further argues the loan should be fully forgiven because Appellant l used all of the PPP loan for qualified expenses. After carefully considering the regulations, evidence and arguments presented in the Administrative Record, and for the reasons discussed herein, I find that Appellant's appeal does not show the SBA's decision was based on a clear error of fact or law, and therefore the appeal is denied, and the Final SBA Loan Review Decision is affirmed.

### I. CARES Act , PPP Loans and OHA Jurisdiction

---

[1] The pages referenced as "AR" refer to the Administrative Record, and specifically to the page number on the bottom right of each page.
[2] Appellant's Appeal Letter, p. 1.

Docket No. 2081777100

In March 2020, in response to the COVID-19 pandemic and the resulting economic upheaval, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. 116-136, 134 Stat. 281 (2020). Section 1102 of the Act established the Paycheck Protection Program (the Program, or PPP), which was aimed at helping businesses meet payroll costs and pay operating expenses in order to keep people employed through the economic downturn. Id. § 1102, 134 Stat. at 286 (codified at 15 USC § 636(a)(36)). Congress first authorized $349 billion in loans. CARES Act § 1102(b)(1). One month later, Congress increased this figure to $659 billion. Paycheck Protection and Health Care Enhancement Act, Pub. L. No. 116-139, § 101(a)(1), 134 Stat. 620 (2020).

The Small Business Act had been enacted on July 7, 1953. Various regulations had been implemented in relation to that Act, including 13 CFR §120.110, which became effective in 1996. (61 FR 3223, 3235, 3239). Congress placed the Paycheck Protection Program under Section 7(a) of the Small Business Act, making the Small Business Administration (SBA) the agency entrusted to administer the Program. See CARES Act § 1102(a) (adding Paragraph (36) to 15 U.S.C. § 636(a)). Section 7(a) loans are the SBA's main program for helping small businesses. *In Re Gateway Radiology Consultants, P.A.* 983 F.3d 1239, 1248 (2020) (11th Cir.). Congress gave the SBA rulemaking power directly related to the PPP, specifying that SBA "shall issue regulations to carry out this title" and SBA implemented and issued several interim final rules (IFRs) under the Program. CARES Act § 1114 CARES Act, § 1114, 134 Stat. at 312 (codified at 15 U.S.C. § 9012).

*PPP Loan Eligibility*

The PPP is directed at small businesses and its principal function is to provide potentially forgivable loans to them. See 15 USC § 636(a)(36)(D)(I). The PPP loans are made under the same terms, conditions, and processes as other SBA loans, although the scope of allowable borrowers was expanded for PPP loans to generally include sole proprietorships, independent contractors, non-profit organizations, and other specified businesses, as long as they were operating "small" business of not more than 500 employees. 15 USC § 636(a)(36)(B) and 15 USC § 636(a)(36)(D).

However, not all such businesses are eligible for PPP loans. The statute also provides that "the [SBA] Administrator may guarantee covered loans under the same terms, conditions, and processes as a loan made under this subsection." 15 USC § 636(a)(36)(B) Ineligible types of businesses are identified in 13 CFR §120.110. These ineligible businesses include, for example, financial businesses primarily engaged in the business of lending, such as banks, finance companies, and factors; life insurance companies; pyramid sale distribution plans; businesses deriving more than one-third of gross annual revenue from legal gambling activities; businesses engaged in any illegal activity; businesses with an Associate who is incarcerated, on probation, on parole, or has been indicted for a felony or a crime of moral turpitude; businesses that have previously defaulted on a Federal loan or Federally assisted financing; businesses owned or controlled by an applicant or any of its Associates which previously owned, operated, or controlled a business which defaulted on a Federal loan. 13 CFR §120.110.

Additionally, there are limitations that preclude some individuals from receiving PPP loans or being a participant in receiving a PPP loan. Thus, for example, persons "debarred" under the SBA or Government-wide debarment regulations may not conduct business with SBA. 13 CFR §103.2(b). Individuals are precluded if they recently were convicted of or had a civil judgment rendered against them for commission of fraud or a criminal offense in connection with a public transaction or contract, violation of Federal or State antitrust statutes or commission of

2

Docket No. 2081777100

embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, or receiving stolen property. Executive Order 12549, 13 CFR part 145. Also, if a borrower or 20% or more owner of a borrower is presently involved in a bankruptcy proceeding, the borrower is ineligible for a PPP loan. SBA Form 2483-SD or SBA Form 2483-SD-C; FAQ issued April 9, 2021.

Moreover, the PPP loans were given only if, in light of the COVID-19 pandemic, the borrowed funds were necessary to support the ongoing operations of the eligible recipient; and that the funds would be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments. 15 USC §636(a)(36)(F) and (G)  PPP funds could not be used for compensation of employees whose principal place of residence was outside the United States, and, further, salary expenditures were capped at the equivalent of no more than $100,000 annually per employee. 15 U.S.C. § 636(a)(36)(A)(viii)(II). If the borrower was not eligible for a PPP loan, but nevertheless received such a loan, then the loan is not subject to forgiveness. See 85 FR 33010, 33012- 33013.

*PPP Loan Forgiveness*

Importantly, "if the loaned funds are used for specified expenses," the borrowing business could receive forgiveness of its loan. See 15 USC § 636m. Application for, and receipt of, a PPP loan is a wholly separate process from application for, and receipt of, forgiveness of that loan. Loan forgiveness is provided for under a different, but related, statutory provision. See 15 USC §636(a)(36)(J) which makes applicable the provisions of 15 USC §636m, (that is applicable to non-PPP loans) with limitations specified for PPP loans. The PPP loan recipient can receive loan forgiveness if it uses the funds to cover payroll and certain other expenses like mortgage interest or rent payments and utility expenses. Generally, the amount of the loan that is forgiven is the amount used to pay those costs. But the bulk of the funds, at least 60 percent, must be spent on payroll. 15 USC §636(a)(36)(J)(iv)

The list of allowable uses for PPP loan funds [15 USC § 636(a)(36)(F)] is not the same as the list of uses eligible for loan forgiveness [15 USC § 636(a)(36)(J)]. Only an eligible recipient of a PPP loan may receive loan forgiveness. 15 USC §636(a)(36)(A)(ii) and (iv); 15 USC §636m(a)(1) and (10))

*PPP Loan Forgiveness Denial and Appeal*

The PPP loan forgiveness process includes an application for forgiveness for a specified dollar amount, which may be less than the full loan proceeds. The forgiveness application is made to the lender, which issues a decision on the amount of forgiveness, if any. 15 USC §636m (e), (f) and (g). Thereafter, SBA reviews the lender's decision and if there is a denial of forgiveness, then SBA issues a Final SBA Loan Review Decision.

There are four possible bases for appeal of a denial of PPP loan forgiveness. The Final SBA Loan Review Decision will show forgiveness denial based because the borrower:

1. Was ineligible for a PPP loan.

2. Was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses.

3

Docket No. 2081777100

3. Is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA, or

4. Is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA. 13 CFR §134.1201(b).

The SBA's Office of Hearings and Appeals (OHA) conducts PPP appeals under the authority of 13 CFR Part 134 Subpart L. However, for OHA and its Judges to have jurisdiction, SBA must have issued a Final SBA Loan Review Decision regarding the loan at issue, as the appeal is taken from the decision contained in that Final SBA Loan Review Decision. 13 CFR §134.1201(a-c). The SBA's Office of Capital Access issues a Final SBA Loan Review Decision on whole or partial denials of forgiveness of PPP loans. To file and manage an appeal of a Final SBA Loan Review Decision with OHA, appellants must use the OHA Case Portal (the Portal) at https://appeals.sba.gov. 13 CFR §134.1202(a).

*Authority of an SBA OHA Judge*

An Administrative Judge has authority no greater than that of an Administrative Law Judge. The authority of such a judge is limited. An Administrative Law Judge (ALJ) has no constitutionally based judicial power, *see Ramspeck* v. *Federal Trial Examiners Conference*, 345 U.S. 128, 132-33 (1953), but are employees of the executive branch department or agency employing them. *See e.g.*, 20 U.S.C. § 1234(c) (statute establishing the Office of Administrative Law Judges within the Department of Education provides that ALJs "shall be officers or employees of the Department"). As such, ALJs are bound by all policy directives and rules promulgated by their agency, including the agency's interpretations of those policies and rules. *See Nash v. Bowen*, 869 F.2d 675, 680 (2d Cir.), *cert, denied*, 493 U.S. 813 (1989); *Mullen* v. *Bowen*, 800 F.2d 535, 540-41 n.5 (6th Cir. 1986); *Brennan v. Department of Health and Human Services*, 787 F.2d 1559 (Fed. Cir.), *cert. denied*, 479 U.S. 985 (1986); *Goodman v. Svahn*, 614 F. Supp. 726, 728 (D.D.C. 1985); *Association of Administrative Law Judges, Inc.* v. *Heckler*, 594 F. Supp. 1132, 1141 (D.D.C. 1984); *c f D'Amico* v. *Schweiker*, 698 F.2d 903, 906 (7th Cir. 1983). *Accord* 34 CFR §81.5(b) (embodying in Department regulations the requirement that ALJs adhere to policies and rules of the agency).

Thus, an Administrative Judge has no authority to question or decide the constitutionality of an SBA regulation or policy. Rather, the Judge's role here is to determine whether the SBA's Final Loan Review Decision is based upon a clear error of fact or law. I also note that neither initial nor final decisions rendered by the SBA's Office of Hearings and Appeals (OHA) under this subpart are precedential. 13 CFR §134.1212.

## II. Timeliness and Standing

An appeal of a Final SBA Loan Review Decision must be initiated (on the OHA Portal) within 30 calendar days after the appellant's receipt of the final SBA loan review decision. 13 CFR §134.1202(a). In this case the Final SBA Loan Review Decision was issued on January 21, 2022. (AR 20-21). The Appeal was filed by initiation on the Portal on February 18, 2021, which is within the 30-day time requirement. (See OHA Appeal Portal, "About Appeal"). (Dkt. #1[3]). Accordingly, I find that the Appeal is timely.

---

[3] The docket numbers referred to herein represent the referenced document in the chronological order in which that document was filed on the OHA case portal.

4

Docket No. 2081777100

Only the borrower on a loan, or its legal successor in interest, for which SBA has issued a final SBA loan review decision has standing to appeal the final SBA loan review decision to OHA. 13 CFR §134.1203. A party may represent itself or be represented by an attorney. A partner may represent a partnership; a member may represent a limited liability company; and an officer may represent a corporation, trust, association, or other entity. 13 CFR §134.208.

In this case the Appellant/borrower is Rabble Holdings, Inc. (AR 25). The Final SBA Loan Review Decision was issued regarding Rabble Holdings, Inc. (AR 20). The Appeal petition on the Portal was submitted by Marty Griffin, Jr. who is listed as the president and owner of 23.7% of Rabble Holdings, Inc. (AR 360). (*See also* OHA Portal, "Appellant Point of Contact"). Based on this, I find that there is proper standing to file the Appeal.

### III. Burden of Proof and Standard of Review

All PPP appeals will be decided solely on a review of the administrative record, the appeal petition, any response, any reply or supplemental pleading, and filings related to objection to the administrative record. 13 CFR §134.1209. SBA may respond to an appeal as determined in its discretion, but SBA is not required to respond. If SBA elects not to respond, such election shall not be interpreted as an admission or waiver of any allegation of law or fact. 13 CFR §134.1208(a). Appellant has the burden of proving all elements of the appeal. **Specifically, Appellant must prove that the final SBA loan review decision is based upon a clear error of fact or law.** 13 CFR §134.1210.

### VI. Facts of this Case and the Final SBA Loan Review Decision

On April 22, 2020, the U.S. Small Business Administration (SBA) issued a Paycheck Protection Program (PPP) Loan in the amount of $204,800.00 to the Appellant. (AR 2). On October 13, 2021 the Appellant signed the PPP Loan Forgiveness Application Form 3508S and requested full forgiveness of the loan. (AR 368).

On January 21, 2022, the SBA issued a Final Loan Review Decision determining that the Appellant is eligible only for partial forgiveness due to a miscalculation of payroll costs, by including independent contractors in its payroll costs calculation. (AR 20-21). The basis of this Appeal is that Appellant contends it "was eligible for the full loan amount based upon SBA Guidance at the time the application was submitted" and all of the loan proceeds were used for SBA approved purposes. (Dkt 1, p. 1).

The Notice and Order setting the dates and deadlines in this Appeal was filed on May 5, 2022. (Dkt. 5). The Administrative Record (AR) and a Supplement to the Administrative Record were both filed by the SBA on April 25, 2022. (Dkts. 3 & 4). The Appellant had until May 16, 2022 to file an Objection to the Administrative Record, but no specific objection was made to the absence of records. However, on May 16, 2022, Appellant filed a Brief in Support of the Appeal. (Dkt. 6). The SBA did not file a response in this matter. No inference is drawn from this. The record closed on May 31, 2022. (Dkt. 5).

### V. Appeal

On February 18, 2022, Appellant filed the instant appeal arguing the final SBA loan review decision should be overturned. Appellant requested forgiveness in the amount of $204,800.00, the

Docket No. 2081777100

full loan amount disbursed.

### VI. Discussion and Analysis

The SBA's decision to grant only partial forgiveness to Appellant was based upon the Appellant's inclusion of payments made to independent contractors in calculating payroll costs in the loan application. (AR 15). In turn, Appellant asserts that it was entitled to use payments to independent contractors as payroll expense based upon the "SBA's Guidance in effect at the time the application was submitted." (Dkt. 1, p.1). Appellant also claims it should be entitled to full forgiveness because it spent all of the loan proceeds for qualified expenses in accordance with the SBA's rules. (Id).

Despite Appellant's attestations to the contrary, the SBA did notify borrowers that wages paid to independent contractors could not be used as payroll costs prior to Appellant's loan application submitted on April 17, 2022[4]. Pursuant to the CARES Act, SBA promulgated several regulations concerning PPP eligibility, including the First IFR (Interim Final Rule). See Paycheck Protection Program, 85 Fed. Reg. at 20811 (posted on the SBA and US Treasury websites on April 2, 2020 and published in the Federal Register April 15, 2020); CARES Act § 1102, 134 Stat. at 287 (codified 15 U.S.C. § 636(a)(36)(B)). The First IFR, available for review on **April 2, 2022**, provided guidance at the time of Appellant's PPP loan application, advised all PPP lenders and applicants of the basic PPP eligibility criteria, including the payroll requirement, the definition of payroll costs, and **that independent contractors do not qualify as employees.** Fed. Reg. Vol. 85 No. 73 at 20811 (April 15, 2020). (Emphasis added). Section III.2.F. of the First IFR states:

> F. WHAT QUALIFIES AS "PAYROLL COSTS?"
>
> Payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation. . .
>
> H. DO INDEPENDENT CONTRACTORS COUNT AS EMPLOYEES FOR PURPOSES OF PPP LOAN CALCULATIONS?
>
> **No, independent contractors have the ability to apply for a PPP loan on their own, so they do not count for purposes of a borrower's PPP loan calculation.**
> (Fed. Reg. Vol. 85 No. 73 at 20811, 20813, (April 15, 2020); first published on the SBA and US Treasury websites on April 2, 2022). (Emphasis added).

Accordingly, the only "SBA Guidance" available at the time of loan application, was that payments to independent contractors were not eligible payroll costs and should not be used to calculate maximum loan amounts (Id). The payments are not compensation to *employees*.

Taking the foregoing into consideration, the SBA follows these guidelines in order to calculate the maximum eligible loan amount:

---

[4] In its Appeal petition, Appellant states it applied for the PPP Loan on April 10, 2022. However, the application (SBA Form 2483) was signed by the Appellant on April 17, 2022. (AR 361). This discrepancy of dates is not material to the issue, the First IFR noticing borrowers that payments to independent contractors are not eligible payroll costs was first available for review on April 2, 2022, prior to both of the foregoing dates.

6

Question: How is the maximum First Draw PPP Loan amount calculated for S corporations and C corporations (up to $10 million)? (Note that PPP loan forgiveness amounts will depend, in part, on the total amount spent during the covered period following disbursement of the PPP loan.)

Answer: The following methodology should be used to calculate the maximum amount that can be borrowed for corporations, including S and C corporations:
• Step 1: Compute 2019 payroll costs by adding the following:
  o 2019 gross wages and tips paid to your employees whose principal place of residence is in the United States, up to $100,000 per employee, which can be computed using:
    • 2019 IRS Form 941 Taxable Medicare wages & tips (line 5c- column 1) from each quarter,
    • Plus any pre-tax employee contributions for health insurance or other fringe benefits excluded from Taxable Medicare wages & tips,
    • Minus (i) any amounts paid to any individual employee in excess of $100,000, and (ii) any amounts paid to any employee whose principal place of residence is outside the United States;

  o 2019 employer group health, life, disability, vision, and dental insurance contributions (portion of IRS Form 1120 line 24 or IRS Form 1120-S line 18 attributable to those contributions);

  o 2019 employer retirement contributions (IRS Form 1120 line 23 or IRS Form 1120-S line 17); and

  o 2019 employer state and local taxes assessed on employee compensation, primarily state unemployment insurance tax (from state quarterly wage reporting forms).

• Step 2: Calculate the average monthly payroll costs (divide the amount from Step 1 by 12).
• Step 3: Multiply the average monthly payroll costs from Step 2 by 2.5
• Step 4: Add the outstanding amount of any EIDL made between January 31, 2020 and April 3, 2020 that you seek to refinance. Do not include the amount of any advance under an EIDL COVID-19 loan (because it does not have to be repaid).

The corporation's 2019 IRS Form 941 and state quarterly wage unemployment insurance tax reporting form from each quarter (or equivalent payroll processor records or IRS Wage and Tax Statements), along with the filed business tax return (IRS Form 1120 or IRS 1120-S) or other documentation of any retirement and group health, life, disability, vision, and dental insurance contributions, must be provided to substantiate the applied-for PPP loan amount. A payroll statement or similar documentation from the pay period that covered February 15, 2020, must be provided to establish you were in operation and had employees on that date. ("PAYCHECK PROTECTION PROGRAM, HOW TO CALCULATE MAXIMUM LOAN AMOUNTS FOR FIRST DRAW PPP LOANS AND WHAT DOCUMENTATION TO PROVIDE – BY BUSINESS TYPE" published on the SBA website March 12, 2021, see Question and Answer #5). (See also 85 FR 20811; April 15, 2020; and 15 U.S.C. § 636(a)(36)(E)(i)(I) and (ii)).

7

Using these guidelines and the documents Appellant provided in the Administrative Record, the following is a correctly calculated maximum loan amount:

> Step 1: The 2019 941 reports a total of $580,155.66 in wages. (AR 174, 176, 178, 181).
> Wages in excess of $100,000 are $15,000.08 (AR 88 – 103).
> Employer Contributions to eligible healthcare costs are $19,546 and $2,540 in Life Insurance (AR 323).
> Additionally, there are $15,079.00 in state taxes. (AR 3 per SBA).
> Step 2: The above amount totals $602,320.58/12 = $50,193.38
> Step 3: $50,193.38 x 2.5 = $125,483.45
> Step 4: $0 EIDL

The SBA calculated the maximum eligible loan amount as follows:

> By utilizing the 2019 941s: $580,155.66 in total wages is verified,
> the wages over 100k are verified in the total amount $15,000.08 from the 2019 W2s, the employer paid SUI taxes are verified in the amount of $15,078.78 from the PA SUI Reports, and the 2019 1120 validated $19,546 in healthcare contributions and $2,540 in Life Insurance contributions. These figure amounts would provide a monthly average of $50,193 and eligible loan amount of $125,483.
> (AR 14).

Accordingly, the SBA followed the correct guidelines and there are no mathematical errors in the calculation. Therefore, the maximum eligible loan amount of $125,483.00 was correctly calculated based on the rules and the information that was available at the time of calculation. Appellant is ultimately responsible for complying with SBA policy, rules, and regulations. Appellant made a miscalculation of eligible payroll at loan origination. Appellant does not dispute counting independent contractors' payments as "employee" compensation in calculating its maximum eligible PPP Loan, thus, there is no basis to find a clear error of fact or law in the SBA's decision.

Further, the PPP loan application (Form 2483) requires the Borrower to certify that the information provided in the application and the information provided in all supporting documents and forms is true and accurate in all material respects. (361). This certification was made. (Id). Despite these certifications, Appellant did not calculate the correct monthly payroll amount (compensation to employees) on its application. (AR 360, Dkt. 1).

SBA's policy of declining to count independent contractors' payments as compensation to employees is wholly consistent with the CARES Act and its aims. While there is no question that Congress wanted to protect American workers from unemployment through the CARES Act, it does not follow that Congress expected that objective to be pursued to the exclusion of all other considerations and SBA lending criteria. Importantly, independent contractors have the ability to apply for a PPP loan themselves. Fed. Reg. Vol. 85 No. 73 at 20811, 20813 (April 15, 2020).

Appellant also claims it is entitled to full forgiveness because "all funds from the loan were used to pay qualified employee expenses that meet all SBA requirements." (Dkt. 1, p. 1). However, using the PPP loan proceeds for its intended purposes does not entitle a borrower to full loan

Docket No. 2081777100

forgiveness. Appellant cannot receive forgiveness for a loan amount it was not eligible to receive in the first place under 85 Fed. Reg. at 20811.

In light of the foregoing, I find the SBA used the correct formula to recalculate Appellant's maximum eligible loan amount. There are no mathematical errors in that calculation. Therefore, I find that the maximum eligible loan amount is $125,483.00, as recalculated by the SBA. PPP loan forgiveness is limited to the maximum eligible loan amount.[5] Appellant has not satisfied its burden of proof to demonstrate that the final SBA loan review decision was based on a clear error of fact or law. 13 CFR §134.1210.

### VII. Conclusion

The Appellant has not satisfied the burden of proof to demonstrate that the final SBA loan review decision was based on clear error of fact or law. The SBA final loan review decision is AFFIRMED. The Appeal is denied.

This is an initial decision of the SBA. Unless a request for reconsideration is filed under 13 C.F.R. § 134.1211(c)(1), or unless the SBA Administrator elects to review this decision per 13 C.F.R. § 134.1211(d), this decision will become the SBA's final decision 30 calendar days after it is served. See 13 C.F.R. § 134.1211(b), PPP Procedural Rule. A party may file a request for reconsideration within 10 calendar days after service of an initial decision. You can serve your petition via email to OHAPPPinquiries@sba.gov. A request for reconsideration must clearly show an error of fact or law material to the initial decision. 13 C.F.R. § 134.1211(c)(1).

*Joan Knight*
JOAN KNIGHT
Administrative Judge

---

[5] Business Loan Program Temporary Changes; Paycheck Protection Program—Additional Revisions to Loan Forgiveness and Loan Review Procedures Interim Final Rules. Fed. Reg., Vol. 85, No. 202, p. 66216-66217, effective October 14, 2020. At p. 66217, "The amount of loan forgiveness that a borrower may receive cannot exceed the principal amount of the PPP loan."